### The PEOPLE of the State of Colorado, Petitioner,

v.

### The DISTRICT COURT, City and County of Denver, and one of the judges thereof, The Honorable Robert P. Fullerton, Respondents.

### No. 91SA312.

Supreme Court of Colorado,
En Banc.

June 29, 1992.

Rehearing Denied Aug. 24, 1992.

Norman S. Early, Jr., Dist. Atty., Nathan B. Coats, Chief Deputy Dist. Atty., Denver, for petitioner.

David F. Vela, Public Defender, David D. Wymore, Chief Deputy Public Defender, Michael J. Heher, Sun Wolf, Deputy Public Defenders, Denver, for Kevin Fears.

Holland, Seelen & Pagliuca, Jeffrey S. Pagliuca, Pozner, Hutt, Gilman, Kaplan, P.C., David Kaplan, Denver, for Roger Young.

Montano & Encinas, P.C., Duane Montano, Denver, Arthur S. Nieto, Lakewood, for Joseph Young.

Gale A. Norton, Denver, for amicus curiae Office of the Atty. Gen.

Bonnie Wright–Benedetti, Englewood, for amicus curiae Colorado Dist. Attorneys' Council.

Chief Justice ROVIRA delivered the Opinion of the Court.

This original proceeding pursuant to C.A.R. 21 arises as a direct consequence of our holding that the death penalty statute as amended in 1988, section 16–11–103, 8A C.R.S. (1988 Supp.), was facially unconstitutional because it eliminated the fourth step from jury deliberations during the sentencing phase following conviction for a class 1 felony. *See People v. Young,* 814 P.2d 834 (Colo.1991). Following the People's notice of intent to seek the death penalty under section 16–11–103, 8A C.R.S. (1986) ("pre–1988 statute"), the trial court ruled that the pre–1988 death penalty statute was not revived by operation of law upon the finding that the 1988 statute was unconstitutional and prohibited the People from seeking the death penalty.

In response to the People's petition for an order directing the district court to show why the People should not be allowed

---

to proceed under the revised pre–1988 statute, we issued a rule to show cause and stayed further proceedings in the district court. For the reasons set forth in our decision announced today in *People v. District Court*, 834 P.2d 181 (Colo.1992) (hereinafter *Thomas*), we now discharge that rule.

## I

Defendants Joseph L. Young, Roger L. Young, a/k/a Roy Young, and Kevin Fears were charged with first-degree murder in connection with two deaths that occurred in June 1989. After the People notified the defendants and the court of their intent to seek the death penalty, the trial court ruled that the 1988 death penalty statute, section 16–11–103, 8A C.R.S. (1988 Supp.), was facially unconstitutional. The People appealed, and in *People v. Young*, 814 P.2d 834 (Colo.1991), exercising our original jurisdiction under C.A.R. 21, we found the 1988 statute facially unconstitutional because it failed to "assure a constitutionally certain and reliable verdict." *Id.* at 847.

Subsequently, the People filed a motion and notice of their intent to seek the death penalty under the pre–1988 statute, asserting that the 1988 statute never effectively repealed the pre–1988 statute and hence the pre–1988 statute was revived by operation of law at the time of our decision in *Young*. The defendants opposed the People's motion to proceed under the pre–1988 statute. In August 1991, following a hearing, the court ruled that no valid death penalty existed that was applicable to the defendants at that time.[1] The People then filed an original proceeding with this court requesting an order directed to the district court to show why the People should not be allowed to proceed under the revised pre–1988 statute. We issued a rule to show cause.

## II

Today we also announced *Thomas*, 834 P.2d 181 (Colo.1992), which sets forth in detail the history and statutory changes that have affected the death penalty statute. Because, as in *Thomas*, the crimes with which the defendants are charged occurred before our decision in *Young*, our opinion in *Thomas* is dispositive. In that case, we considered whether the doctrine of revival could be invoked to make applicable the pre–1988 death penalty statute to the defendants and held that it could not.[2] *Thomas*, at 189–192. The trial court, therefore, properly determined that the People could not seek the death penalty under the pre–1988 statute. Accordingly, we now discharge the rule.

KIRSHBAUM and VOLLACK, JJ., dissent.

Justice KIRSHBAUM dissenting:

The majority concludes that the four-step jury deliberation process set forth in section 16–11–103, 8A C.R.S. (1986), and found constitutional by this court in *People v. Tenneson*, 788 P.2d 786 (Colo.1990), was not revived as the result of our determination in *People v. Young*, 814 P.2d 834 (Colo.1991), that section 16–11–103, 8A C.R.S. (1986 & 1990 Supp.), was unconstitutional. For the reasons set forth in my opinion specially concurring in the result and dissenting in *People v. District Court*, 834 P.2d 181 (Colo.1992), I respectfully dissent from that conclusion here.[1]

1. The issue before the court was whether the revival doctrine could be invoked to make the pre–1988 statute applicable to the defendants. The effect of House Bill 1038 discussed in *Thomas* was not considered because it had not been adopted at the time.

2. We note that in this case the defendants argued that the People waived the revival argument at a hearing held prior to the *Young* decision. Additionally, the defendants argued that the doctrine of judicial estoppel should be invoked to preclude the People from arguing the revival theory. The trial court found that neither waiver nor estoppel applied in this proceeding. However, because of our decision in *Thomas* that the pre–1988 statute was not revived by operation of law, we need not address these arguments here.

1. The defendants assert that application of the doctrine of statutory revival to revive the 1986 statute would violate their rights to the effective assistance of counsel; due process and equal protection of law; protections against ex post facto legislation and cruel and unusual punish-

Justice VOLLACK dissenting:

I incorporate my dissent to part II of *People v. District Court*, 834 P.2d 181 (Colo.1992), herein, and respectfully dissent to the discharge of the rule. Rather, I would hold that section 16–11–103, 8A C.R.S. (1986), provides the scheme of punishment for class 1 felonies in this case.[1]

ment; and the prohibition against revival, amendment or extension of laws established by the federal and Colorado constitutions. In view of the conclusion of a majority of the court that the 1986 statute is not revived, these constitutional arguments need not be addressed.

1. The defendants assert that revival of the 1986 statute violates various rights guaranteed by the United States and Colorado Constitutions. In view of the conclusion of a majority of the court that the 1986 statute is not revived, these arguments need not be addressed at this time.